# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EUGENE A. MAUWEE, SR.,  )
         Plaintiff, ) 3:12-cv-00580-RCJ-WGC
vs. )
          ) **ORDER**
GREG COX, *et al.*, )
         Defendants. )
                                       /

     This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 1). Based on the financial information provided, the Court will grant plaintiff leave to proceed *in forma pauperis,* but will require plaintiff to pay an initial installment of the filing fee pursuant to 28 U.S.C. §1915. The grant of *in forma pauperis* status adjusts the amount of the filing fee that plaintiff must *prepay* – plaintiff will be required to prepay an initial installment of $23.11, instead of having to prepay the full $350.00 filing fee for this action. The entire $350.00 filing fee will, however, remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when petitioner's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $350.00 filing fee will remain due and payable, and will be collected from plaintiff's institutional account regardless of the outcome of this action.

On July 12, 2013, the Court entered a screening order. (ECF No. 3). The screening order imposed a 90-day stay and the Court entered a subsequent order scheduling a mediation conference. (ECF Nos. 3 & 8). The mediation conference took place on October 1, 2013, and the minutes of the mediation conference indicate that settlement was not reached. (ECF No. 9). The Office of the Attorney General has filed a status report indicating that settlement was not reached and informing the Court of its intent to proceed with this action. (ECF No. 10).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, however, plaintiff must pay an initial partial filing fee of **$23.11** toward the full filing fee of $350.00. Plaintiff shall have **thirty (30) days** from the date this order is entered in which to have the designated fee sent to the Clerk of the Court. Failure to do so may result in dismissal of this action. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

2. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall **SEND** plaintiff two copies of this order. Plaintiff **SHALL** make necessary arrangements to have one copy of this order attached to the check in the amount of the designated fee, by sending a copy of the order with the "brass slip" for the amount of the fee to Inmate Services for the Nevada Department of Corrections.

4. Pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (**Eugene A. Mauwee, Sr., #30400**), in the months that the account exceeds $10.00, until the full $350.00 filing fee has

been paid for this action. The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

5. The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

6. Subject to the findings of the screening order (ECF No. 3), within **twenty-one (21) days** of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing last-known-address information under seal. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information.

7. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, plaintiff shall provide the full name and address for the defendant(s).

8. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **sixty (60) days** from the date of this order.

9. Henceforth, plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. Plaintiff shall include with the

3

original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

Dated this 15th day of October, 2013.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE