1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**

7

**DISTRICT OF NEVADA**

8

9   EUGENE A. MAUWEE, SR.,                    )
                                             )
10              Plaintiff,                    )        3:12-cv-00580-RCJ-WGC
                                             )
11   vs.                                      )
                                             )        **ORDER**
12   GREG COX, *et al.*,                      )
                                             )
13              Defendants.                   )
     _____/

14

15         This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state

16   prisoner.  On July 12, 2013, this Court entered a screening order, allowing Plaintiff's First

17   Amendment free exercise of religion claim against Defendant Olivas to proceed.  (ECF No. 3).  All

18   other claims in the complaint were dismissed with prejudice.  (*Id.*).  Plaintiff has filed a motion for

19   reconsideration of the Court's screening order.  (ECF No. 7).

20         Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

21   construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

22   59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

23   *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236

24   (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for

25   the following reasons:

26              (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
               discovered evidence, that, with reasonable diligence, could not have

1      been discovered in time to move for a new trial under Rule 59(b); (3)
     fraud (whether previously called intrinsic or extrinsic),
2      misrepresentation, or other misconduct by an opposing party; (4) the
     judgment is void; (5) the judgment has been satisfied, released or
3      discharged; it is based on an earlier judgment that has been reversed or
     vacated; or applying it prospectively is no longer equitable; or (6) any
4      other reason that justifies relief.

5      Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick*

6 *Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider,

7 a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its

8 prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal.

9 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of

10 the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be

11 filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P.

12 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is

13 presented with newly discovered evidence, committed clear error, or if there is an intervening change

14 in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v.*

15 *Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four

16 grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of

17 law or fact upon which the judgment is based; (2) the moving party presents newly discovered or

18 previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

19 there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*,

20 338 F.3d 1058 (9th Cir. 2003).

21      In this case, the Court properly dismissed those claims that failed to state a cognizable claim

22 and for which amendment would be futile.  The Court allowed Plaintiff's free exercise of religion

23 claim against Defendant Olivas to proceed.  (ECF No. 3).  In his motion for reconsideration, Plaintiff

24 has not identified any mistake, intervening change in controlling law, or other factor that would

25 require vacating the judgment.  Plaintiff has not shown that manifest injustice resulted from the

26 screening order.  Plaintiff also has not presented newly discovered or previously unavailable

evidence.  Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (ECF No. 7) is **DENIED.**

Dated this 15TH day of October, 2013.

_____

UNITED STATES DISTRICT JUDGE